**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT PIERCE DIVISION**

CASE NO:

**JUANITA BELTRAN,**
Plaintiff,

**v.**

**SOUTH FLORIDA DAIRIES, LLC,**
Defendant.
_____________________________________/

## PLAINTIFF'S COMPLAINT

Plaintiff Juanita Beltran, by counsel, for her Complaint against Defendant South Florida Dairies, LLC, alleges, on knowledge as to her own actions, and otherwise upon information and belief, as follows:

## PRELIMINARY STATEMENT

1. This is an action for retaliation under the Florida Private Whistleblower Act, sections 448.101–448.105, Florida Statutes (the "FWA"), arising from the termination of Juanita Beltran's employment by South Florida Dairies, LLC because she objected to, and refused to participate in, activities, policies, and practices of her employer that are in violation of law—including the knowing employment and harboring of unauthorized workers, mail and wire fraud, bank fraud and the use of false documentation to open financial accounts, and the submission of false statements to procure nonimmigrant visas.

2. Beltran seeks lost wages and benefits, compensatory damages, reinstatement or front pay, injunctive relief, prejudgment and post-judgment interest, and costs and reasonable attorneys' fees as permitted by law, in an amount to be determined at trial that, exclusive of interest, costs, and attorneys' fees, exceeds $75,000.

## JURISDICTION

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), in that this is a civil action between citizens of different States—Plaintiff Juanita Beltran, a citizen of the State of Texas, and Defendant South Florida Dairies, LLC, no member of which is a citizen or resident of the State of Texas—and the amount in controversy exceeds $75,000, exclusive of interest and costs.

**VENUE**

4. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) and (b)(2). South Florida Dairies, LLC resides in this district because it is subject to personal jurisdiction in this district, its principal place of business being located in Okeechobee County, Florida; and a substantial part of the events and omissions giving rise to the claim occurred in Okeechobee County, Florida, which lies within this district. Pursuant to the Local Rules and Internal Operating Procedures of this Court, actions and proceedings arising in Okeechobee County are assigned to, and tried in, the Fort Pierce Division.

**PARTIES**

5. Plaintiff Juanita Beltran is an individual who resides in Del Rio, Texas, and is a citizen of the State of Texas. At all times material to this action, Beltran was an "employee" of South Florida Dairies, LLC within the meaning of section 448.101(2), Florida Statutes.

6. Defendant South Florida Dairies, LLC is a limited liability company organized under the laws of the State of Florida, with its principal place of business located at 1550 NE 208th Street, Okeechobee, Florida 34972. Upon information and belief, the members of South Florida Dairies, LLC are citizens of the States of Florida, Tennessee, and/or Ohio, and no member of South Florida Dairies, LLC is a citizen or resident of the State of Texas. South Florida Dairies, LLC employs more than ten persons and is an "employer" within the meaning of section 448.101(3), Florida Statutes. Its registered agent is Raulie Hurtado, 1550 NE 208th Street, Okeechobee, Florida 34972.

## FACTS

7. In April 2025, South Florida Dairies, LLC hired Beltran to perform payroll, bookkeeping, and accounting duties, following interviews with co-owner Matthew Mitchell and General Manager Raulie Hurtado. Beltran was later designated the company's Office Manager and Human Resources representative.

8. During her employment, Beltran witnessed, and was directed by General Manager Hurtado to implement, numerous unlawful employment practices.

9. Hurtado instructed Beltran to hire undocumented workers who were not authorized to work in the United States at reduced rates of pay, and to maintain two separate personnel files for each such worker, kept in a designated location in the office, in the event the company was audited or subjected to an immigration raid.

10. In her capacity as Office Manager, Beltran was directed to sign and witness the Form W-4 documentation of newly hired undocumented workers.

11. Beltran was instructed to pressure undocumented workers to open checking accounts with South State Bank for direct deposit of their weekly payroll. Hurtado maintained a point of contact at the bank to facilitate the opening of these accounts, knowing that the documentation presented to open the accounts was false. This practice was undertaken to avoid the burden of printing and distributing 60 to 80 physical payroll checks each week.

12. South Florida Dairies, LLC began the process of hiring TN nonimmigrant visa workers from Mexico. Upon information and belief, the information submitted to the Mexican Consulate concerning the salaries and positions of these workers was false, and was submitted to obtain authorized workers who would work for less compensation than represented. Beltran was asked to participate in a meeting with the company's point of contact for these visa applicants and Hurtado, at which Hurtado introduced Beltran as the company's Human Resources representative.

13. Beltran repeatedly objected to these practices. She reported them to co-owner Matthew Mitchell, who had asked her to serve as his "eyes and ears" at the company, but was instructed

to "turn a blind eye" and, when she persisted, was directed to raise her concerns with Hurtado, which she did.

14. Before her termination, Beltran raised her concerns with Evan Barton, an owner of the company, and advised that she was considering resigning if the concerns were not addressed. Hurtado was visibly upset that Beltran had voiced her concerns to more senior management without his prior knowledge.

15. Hurtado sent Beltran home for the weekend. When Beltran returned to work the following Monday, Hurtado terminated her employment, stating that he had reconsidered over the weekend and felt that she had "judged his character." When Beltran asked whether she was being terminated because she had judged his character, and not because of her work ethic or job performance, Hurtado confirmed that was his reason.

16. Beltran's employment was terminated on July 7, 2025. Throughout her employment she had been praised for her job performance and had received no prior warnings or reprimands.

17. But for Beltran's objections to, and refusal to participate in, the unlawful activities, policies, and practices described above, South Florida Dairies, LLC would not have terminated her employment.

**COUNT ONE**

**Retaliation in Violation of the Florida Private Whistleblower Act, § 448.102(3), Fla. Stat.**

18. Beltran repeats and re-alleges paragraphs 1 through 17 above as if fully set forth herein.

19. At all times material to this action, South Florida Dairies, LLC was an "employer" and Beltran was an "employee" within the meaning of section 448.101, Florida Statutes.

20. Section 448.102(3), Florida Statutes, prohibits an employer from taking any retaliatory personnel action against an employee because the employee objected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation.

21. The activities, policies, and practices of South Florida Dairies, LLC to which Beltran objected, and in which she refused to participate, are in violation of laws, rules, or regulations within the meaning of section 448.101(4), Florida Statutes, including the following:

A. the knowing hiring of, and the concealing, harboring, or shielding from detection of, aliens not authorized to work in the United States, in violation of 8 U.S.C. § 1324;

B. mail fraud and wire fraud, in violation of 18 U.S.C. §§ 1341 and 1343;

C. bank fraud and the knowing use of false documentation to open accounts at a financial institution, in violation of 18 U.S.C. § 1344 and section 817.03, Florida Statutes; and

D. the making of false statements and the submission of false documents to procure nonimmigrant visas, in violation of 18 U.S.C. §§ 1001 and 1546.

22. Beltran engaged in activity protected by section 448.102(3), Florida Statutes, when she objected to, and refused to participate in, the unlawful activities, policies, and practices described above.

23. Because Beltran's claim arises under the objection prong of section 448.102(3), and not under the disclosure prong of section 448.102(1), no pre-suit written notice to the employer was required as a condition of this action.

24. South Florida Dairies, LLC took a retaliatory personnel action against Beltran, as defined in section 448.101(5), Florida Statutes, by terminating her employment.

25. Beltran's protected activity was the but-for cause of her termination.

26. As a direct and proximate result of South Florida Dairies, LLC's unlawful retaliation, Beltran has suffered and continues to suffer damages, including lost wages, benefits, and other remuneration, and other compensatory damages.

**WHEREFORE**, Plaintiff Juanita Beltran respectfully requests that the Court enter judgment in her favor and against Defendant South Florida Dairies, LLC, and award the following relief:

A. compensation for lost wages, benefits, and other remuneration, in an amount to be determined at trial;

B. any other compensatory damages allowable at law;

C. reinstatement to the position Beltran held before the retaliatory personnel action, or to an equivalent position, or front pay in lieu of reinstatement, together with reinstatement of full fringe benefits and seniority rights;

D. an injunction restraining South Florida Dairies, LLC from continued violation of the Florida Private Whistleblower Act;

E. prejudgment and postjudgment interest;

F. costs and reasonable attorneys' fees as permitted by law; and

G. such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff Juanita Beltran demands a trial by jury on all issues so triable.

DATED AUGUST 28, 2026

FOR PLAINTIFF:

BY: *<u>/s/ G. Ware Cornell, Jr.</u>*

G. Ware Cornell, Jr.
Fla. Bar No.: 203920
ware@warecornell.com
**CORNELL & ASSOCIATES, P.A.**
2645 Executive Park Drive
Weston, Fla. 33331
(954) 618-1041